# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 06-046 |
| SEANTE McKNIGHT 29722-034 | SECTION "S" |
| | (C.A. 10-1509) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Seante McKnight's petition brought under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. #137) is **DENIED**.

## BACKGROUND

On February 17, 2006, Seante McKnight was indicted by a grand jury in the United States District Court for the Eastern District of Louisiana with one count of knowingly and intentionally distributing fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

On September 27, 2006, McKnight pleaded guilty to the one count indictment pursuant to a negotiated plea agreement. At his sentencing hearing on June 13, 2007, McKnight orally moved to withdraw his guilty plea. McKnight then filed a written motion to withdraw his guilty plea asserting lack of mental competence to plead guilty and lack of effective assistance of counsel. The court held a hearing on December 19, 2007, and found McKnight to be competent throughout the court proceedings, including his guilty plea. On January 9, 2008, the district court denied

McKnight's motion to withdraw his guilty plea. McKnight appealed to the United States Court of Appeals for the Fifth Circuit. The appellate court affirmed the district court's ruling, but noted that the ruling did not prejudice McKnight's right to raise an ineffective assistance of counsel claim in a subsequent proceeding.

On February 13, 2008, McKnight was sentenced to two hundred ninety-five (295) months in the custody of the Bureau of Prisons.

On May 13, 2010, McKnight filed a motion for post conviction relief pursuant to 28 U.S.C. § 2255. McKnight argues he is entitled to relief because: (1) his guilty plea was either unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and consequences of the plea, (2) the district court imposed a sentence that was procedurally and substantively unreasonable, (3) the government breached the material terms of the plea agreement, which constitutes plain error and violates McKnight's fundamental right to due process, and (4) he was given ineffective assistance of counsel.

**ANALYSIS**

**1. McKnight's Plea Agreement; Waiver of Right to Contest Conviction**

In his signed plea agreement, McKnight agreed "not to contest [his] conviction or [his] sentence in any post conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255," except he reserved his right to appeal any sentence imposed in excess of the statutory maximum. However, an ineffective assistance of counsel claim survives a waiver of appellate rights "when the claimed assistance directly affected the validity of the waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). McKnight claims his

plea was not informed and voluntary due to ineffective assistance of counsel. McKnight contends that he pleaded guilty based on the government's agreement not to pursue a statutory sentence enhancement pursuant to 21 U.S.C. § 851. Specifically, McKnight argues that his counsel, Michael Thiel ("Thiel") failed to inform him that the guideline career offender sentencing enhancement applied to his case and promised that he would receive a ten year sentence. McKnight requests that his sentence and conviction be vacated, set aside, or corrected due to ineffective assistance of counsel.[1]

## 2. McKnight's Ineffective Counsel Claim

To succeed on a claim of ineffective assistance counsel, petitioner must show: (1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced his defense. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). Petitioner must show that counsel's errors were serious enough to deprive him of a fair trial, of which the result would have been reliable. Id. Petitioner must further show "a reasonable probability that but for trial counsel's errors, the defendant's . . . sentence would have been significantly less harsh." United States v. Frank, 230 F.3d 811, 815 (5th Cir. 2000). "The prejudice prong is satisfied, however, when a deficiency by counsel resulted in specific, demonstrable enhancement in sentencing – such as an

---

[1] McKnight previously appealed this court's decision denying his motion to withdraw his guilty plea under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, which permits a defendant to withdraw his guilty plea after the court accepts it, but before sentence is imposed, "if the defendant can show a fair and just reason for requesting the withdrawal." The United States Court of Appeals for the Fifth Circuit affirmed the district court's denial. However, the appellate court stated that a an ineffective assistance of counsel claim under the Sixth Amendment may be a basis for invalidating a conviction or sentence that was secured in violation of the defendant's fundamental right to counsel. The appellate court also stated that its opinion did not prejudice McKnight's right to raise an ineffective assistance of counsel claim in a subsequest *habeas corpus* proceeding.

3

automatic increase for 'career' offender or enhancement for use of a handgun during a felony – which would not have occurred but for counsel's error." Id.

McKnight argues that Thiel's performance is deficient in that (1) Thiel failed to inform McKnight career offender sentencing enhancement provided by U.S.S.G. § 4B1.1 applied to McKnight, thereby failing to provide McKnight with sufficient information to make an informed decision regarding his plea agreement; (2) Thiel promised McKnight a ten year sentence; and (3) Thiel failed to research relevant facts of McKnight's case, in particular his medical and mental health records prior to McKnight's arrest.

The United States Sentencing Guidelines provide advisory guidelines that district courts consider when sentencing a defendant. In determining the applicable guideline sentencing range, the court considers the characteristics of the offense and the offender. Pursuant to U.S.S.G. § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

McKnight pleaded guilty to distribution of 50 grams or more of cocaine base, which is a felony controlled substance offense. McKnight was thirty three years old at the time of the offense. Further, McKnight had previously been convicted of at least two felonies that are crimes of violence or controlled substance offenses. Therefore, McKnight is classified by the guidelines as a career offender.

4

The maximum statutory penalty for McKnight's offense is life imprisonment. Pursuant to U.S.S.G. § 4B1.1, thirty seven is the applicable base offense level for a career offender who is convicted of a crime for which the statutory maximum sentence is a life imprisonment. Also, under the guidelines McKnight's criminal history category was VI. As a result, the applicable guideline range of imprisonment was 262 to 327 months. The court sentenced McKnight in the middle of the applicable guideline range.

The court's application of the sentencing guidelines does not result in a breach of the plea agreement by Thiel or the government. As provided in the plea agreement, the government did not pursue the statutory sentencing enhancement provided by 21 U.S.C. § 851. Pursuant to 21 U.S.C. § 851, the United States Attorney may file a bill of information that seeks an enhancement in the defendant's sentence due to prior convictions. This is a statutory sentencing enhancement that is distinct from the advisory sentencing guidelines considered by the court in fashioning criminal sentences. Here, the court correctly applied the sentencing guidelines, which differs from not the statutory sentencing enhancement provided by 21 U.S.C. § 851 referred to in the plea agreement.

Further, the United States Court of Appeals for the Fifth Circuit has noted that McKnight's alleged unawareness of the sentencing guidelines career offender enhancement does not provide a basis upon which to find that McKinght did not knowingly and voluntarily enter his guilty plea. The district court informed McKnight that he was subjected to a "minimum term of imprisonment of not less than ten years and a maximum of life imprisonment" at his rearraignment hearing. Further, the court informed McKnight that it is within the court's discretion to determine what sentence to impose and it could impose the statutory maximum sentence. McKnight indicated that he

understood the statutory range of imprisonment for his offense, that court is not bound by the sentencing guidelines, and that the court could, in its discretion, impose the maximum sentence provided by law, in this case, life imprisonment.

Moreover, McKnight's argument that Thiel promised that he would not receive more than a ten year sentence is not grounds upon which to find that McKnight's guilty plea was not knowingly and voluntarily entered. At his rearraignment hearing, the court asked McKnight if he was "influenced, induced or persuaded in any manner to plead guilty because of any promises of leniency or other things made by anyone, other than is set forth in the plea agreement," and whether anyone, including his attorney told him what sentence would be imposed if the court accepted his guilty plea. McKnight answered "no" to both questions. Thus, he affirmed under oath that nobody, including Thiel, promised him any specific sentence.

Finally, following a December 19, 2007, competency hearing, the court determined that McKnight had been competent throughout the prior court proceedings, including at the time of his guilty plea. Because he was found to be competent at the time of his guilty plea, Thiel's failure to investigate McKnight's mental history prior to his arrest is not sufficient grounds to support a claim of ineffective assistance counsel.

## CONCLUSION

McKnight indicated both in his signed plea agreement and at his rearraignment hearing that he understood the minimum and maximum sentences which could have been imposed. His sentence is not a result of any erroneous or deficient conduct on the part to Thiel. Further,

McKnight has been deemed as being competent at the time of his guilty plea. Therefore, McKnight cannot succeed on a claim of ineffective assistance of counsel.

**IT IS HEREBY ORDERED** that Seante McKnight's petition brought under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. #137) is **DENIED**.

New Orleans, Louisiana, this __1st__ day of September, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**