# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 06-046 |
| SEANTE McKNIGHT 29722-034 | SECTION "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Seante McKnight's Motion to Compel Performance of Plea Agreement (Doc. #157) is **DENIED**.

## BACKGROUND

Seante McKnight filed a motion seeking to compel performance of his plea agreement. He argues that he should not have been sentenced as a career offender under the United States Sentencing Guidelines, because in his plea agreement, the government agreed not to pursue a sentencing enhancement under 21 U.S.C. § 851.

On February 17, 2006, McKnight was indicted by a grand jury in the United States District Court for the Eastern District of Louisiana with one count of knowingly and intentionally distributing fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

On September 27, 2006, McKnight pleaded guilty to the one count indictment pursuant to a negotiated plea agreement. At his sentencing hearing on June 13, 2007, McKnight orally moved to withdraw his guilty plea. McKnight then filed a written motion to withdraw his guilty plea asserting lack of mental competence to plead guilty and lack of effective assistance of counsel. The court held a hearing on December 19, 2007, and found McKnight to be competent throughout the court proceedings, including his guilty plea. On January 9, 2008, the district court denied

McKnight's motion to withdraw his guilty plea. McKnight appealed to the United States Court of Appeals for the Fifth Circuit. The appellate court affirmed the district court's ruling, but noted that the ruling did not prejudice McKnight's right to raise an ineffective assistance of counsel claim in a subsequent proceeding.

On February 13, 2008, McKnight was sentenced to two hundred ninety-five (295) months in the custody of the Bureau of Prisons.

On May 13, 2010, McKnight filed a motion for post conviction relief pursuant to 28 U.S.C. § 2255. McKnight argued that: (1) his guilty plea was either unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and consequences of the plea, (2) the district court imposed a sentence that was procedurally and substantively unreasonable, (3) the government breached the material terms of the plea agreement, which constituted plain error and violates McKnight's fundamental right to due process, and (4) he was given ineffective assistance of counsel. The court denied the motion.

On December 30, 2011, he filed this motion to compel performance of his plea agreement in which he again argues that he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1 because the government agreed not to pursue a sentencing enhancement under 21 U.S.C. § 851.

## ANALYSIS

The United States Sentencing Guidelines provide advisory guidelines that district courts consider when sentencing a defendant. In determining the applicable guideline sentencing range,

the court considers the characteristics of the offense and the offender. Pursuant to U.S.S.G. § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

McKnight pleaded guilty to distribution of 50 grams or more of cocaine base, which is a felony controlled substance offense. McKnight was thirty-three years old at the time of the offense. Further, McKnight had previously been convicted of at least two felonies that are crimes of violence or controlled substance offenses. Therefore, McKnight is classified by the guidelines as a career offender.

The maximum statutory penalty for McKnight's offense is life imprisonment. Pursuant to U.S.S.G. § 4B1.1, thirty-seven is the applicable base offense level for a career offender who is convicted of a crime for which the statutory maximum sentence is a life imprisonment. Also, under the guidelines McKnight's criminal history category was VI. As a result, the applicable guideline range of imprisonment was 262 to 327 months. The court sentenced McKnight in the middle of the applicable guideline range.

The court's application of the sentencing guidelines does not result in a breach of the plea agreement by the government. As provided in the plea agreement, the government did not pursue the statutory sentencing enhancement provided by 21 U.S.C. § 851. Pursuant to 21 U.S.C. § 851, the United States Attorney may file a bill of information that seeks an enhancement in the defendant's sentence due to prior convictions. This is a statutory sentencing enhancement that is

distinct from the advisory sentencing guidelines considered by the court in fashioning criminal sentences. Here, the court correctly applied the sentencing guidelines, which differs from the statutory sentencing enhancement provided by 21 U.S.C. § 851 referred to in the plea agreement.

Further, at his rearraignment and in his plea agreement McKnight acknowledged that he understood that he was subjected to a minimum term of imprisonment of not less than ten years and a maximum of life imprisonment. Further, at his rearraignment the court informed McKnight that it is within the court's discretion to determine what sentence to impose and it could impose the statutory maximum sentence. McKnight indicated that he understood the statutory range of imprisonment for his offense, that court is not bound by the sentencing guidelines, and that the court could, in its discretion, impose the maximum sentence provided by law, in this case, life imprisonment. Therefore, the plea agreement has not been breached.

## CONCLUSION

**IT IS HEREBY ORDERED** that Seante McKnight's Motion to Compel Performance of Plea Agreement (Doc. #157) is **DENIED**.

New Orleans, Louisiana, this __13th__ day of February, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**