UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 06-46** |
| **SEANTE McKNIGHT** | **SECTION "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Seante McKnight's Motion to Amend Sentence brought under 18 U.S.C. § 3582 to (Doc. #178) is **DENIED**.

### BACKGROUND

On February 17, 2006, Seante McKnight was indicted by a grand jury in the United States District Court for the Eastern District of Louisiana with one count of knowingly and intentionally distributing fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). McKnight was the sole participant in the criminal activity charged in which he sold cocaine base to an undercover law enforcement officer. On February 13, 2008, McKnight was sentenced to two hundred and ninety-five (295) months in the custody of the Bureau of Prisons. The court did not apply § 3B1.2 of the United States Sentencing Guidelines to find that McKnight was entitled to a mitigating role adjustment in the offense level. On October 7, 2016, McKnight filed the instant motion arguing that Amendment 794 to the United States Sentencing Guidelines, which became effective on November 1, 2015, makes him eligible for a mitigating role adjustment to his offense level. McKnight argues that he is entitled to an adjustment for a mitigating role because he was not part of any organization or cartel trafficking drugs across the United States or surrounding countries.

### ANALYSIS

**I.     Amendment 794**

Amendment 794 revised the commentary to U.S.S.G. § 3B1.2.  Section 3B1.2 provides that a defendant's offense level is decreased by 4 levels if he was a minimal participant in any criminal activity, 2 levels if he was a minor participant in any criminal activity, or 3 levels for cases falling in between minimal and minor participation in any criminal activity.  Amendment 794 explains that, when evaluating the defendant's role in the criminal activity, the district court should compare the defendant to the other co-participants in the criminal activity at issue, as opposed to the "universe of persons participating in similar crimes." United States v. Gomez-Valle, 828 F.3d 324, 329 n. 23 (5th Cir. 2016) (quoting U.S.S.G. app. C, amend, 794, at 116-18 (Supp. Nov. 1, 2015)) (internal citations and quotations omitted).  Amendment 794 also:

> revise[d] the commentary to emphasize the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if . . . he or she is substantially less culpable than the average participant in the criminal activity.  Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment.  In addition, Amendment 794 provides that a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

Id. at 329-30 (internal quotations and citations omitted).  November 1, 2015, is the effective date of Amendment 794.

**II.    18 U.S.C. § 3582(c)(2)**

2

Pursuant to 18 U.S.C. § 3582(c)(2):

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)(3) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

In reviewing a motion for a sentence reduction, the district court determines, in its discretion, "(1) whether, and to what extent a sentence modification is authorized, and (2) whether any reduction is warranted in light of any applicable 18 U.S.C. § 3553(a) sentencing factors." United States v. Westbrook, 488 Fed. Appx. 8141 (5th Cir. Sept. 10, 2012) (citing Dillon v. United States, 130 S.Ct. 2683, 2691-92 (2010)). The court is not obligated to reduce a defendant's sentence. Id.

The "applicable policy statement[] issued by the Sentencing Commission," U.S.S.G. § 1B1.10, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," provides that a reduction in a defendant's sentence is authorized by U.S.S.G. § 3582(c)(2) only if the pertinent amendment is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. 1B1.10(a)(1). If an amendment to the United States Sentencing Guidelines is not listed in U.S.S.G. § 1B1.10(d), then "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." Id. at § 1B1.10(a)(2); see also United States v. Porter, 335 Fed. Appx. 408, 410 (5th Cir. June 22, 2009) (a sentence reduction under § 3582(c) based on an amendment to the Sentencing Guidelines that is not listed in the appropriate subsection of U.S.S.G. § 1B1.10 is not consistent with § 1B1.10's policy statement). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d). Therefore, it cannot be retroactively applied under § 3582(c)(2). McKnight's motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Seante McKnight's Motion to Amend Sentence brought under 18 U.S.C. § 3582 (Doc. #178) is **DENIED**.

New Orleans, Louisiana, this 15th day of November, 2016.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**